## Burley Tobacco Growers' Co-operative Association v. Samples, et al.

### (Decided June 22, 1926.)

### Appeal from Shelby Circuit Court.

Agriculture.—Whether members of tobacco growers' association delivered full amount of their crop to association as agreed held for jury.

AARON SAPIRO, PICKETT, BARRICKMAN & KALTENBACHER and ROBERT H. HAYS for appellant.

WILLIS & WILLIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by the Burley Tobacco Growers' Co-operative Association against Raymond Samples and J. S. Samples to recover $250.00 damages for failure to deliver 3,000 pounds of their 1923 crop of tobacco, the trial court directed a verdict in favor of defendants, and plaintiff has prayed an appeal.

The record discloses that J. S. Samples and Raymond Samples are father and son. The father owns the farm and the son is his tenant. They are both members of the Burley Tobacco Growers' Co-operative Association. According to their evidence they raised about three acres of tobacco in 1923. The tobacco was first stored in the regular tobacco barn, but a portion of it was removed to the feed barn, in order to make room for their vehicles and farming utensils in the tobacco barn. Excluding the portion that rotted, the crop amounted to only 1,665 pounds, which was delivered to the association at Pleasureville on February 28, 1924. This was the only tobacco that was hauled from their premises. They admitted having changed their accounts from the bank at Bagdad to the People's State Bank at Frankfort. They claimed that this was due to the fact that they were not on good terms with their relative, L. V. Samples, who was cashier of the bank at Bagdad. Raymond Samples also testified that the principal portion of the deposit in the People's State Bank at Frankfort was obtained from money which he withdrew from the bank at Bagdad. On the other hand, there was evidence to the effect that the Samples raised from three to four and a half acres of tobacco; that the tobacco was of good quality and would average from 800 to 1,100 pounds; that the tobacco barn on the place was full, and that it would hold from 3,500 to 4,500 pounds. There was further evidence by two neighbors that the Samples hauled three loads of tobacco from the premises; one on the night of February 12, 1924, one on the night of February 26, 1924, and one on the morning of February 28, 1924. It was also shown by L. V. Samples, cashier of the bank at Bagdad, that J. S. Samples withdrew his account from that bank on March 17, 1924, and that Raymond Samples' account was not withdrawn until April 5, of that year. H. D. Reed, teller of the People's State Bank of Frankfort, testified that he made out the deposit slips, and that

these slips showed that on March 1, 1924, Raymond Samples deposited $275.00, and J. S. Samples the same amount.

In support of the action of the trial court it is insisted that none of the witnesses measured the acreage or quantity of tobacco, and that their estimates, which are mere guesswork, are not sufficient to overcome the positive evidence of the Samples as to the amount of the tobacco actually raised and delivered to the association. Manifestly, if the association were compelled to rely upon accurate measurements in order to make out a case of nondelivery, it would rarely be in a position to sustain its contracts. All that it can ordinarily do is to introduce witnesses who are experienced in the tobacco business, and in the habit of estimating the amount of acreage and quantity of tobacco, coupled with other circumstances tending to show that the poolers raised more tobacco than they delivered to the association. Here we have the additional evidence that two other loads of tobacco were actually hauled from the premises, coupled with the fact that appellees changed their account to Frankfort and did not satisfactorily account for the amount of money there deposited. It is at once apparent that the evidence is not only conflicting, but such as to afford room for reasonable difference of opinion as to the inferences and conclusions to be drawn therefrom. That being true, the question was for the jury and not for the court. Louisville & N. R. Co. v. Spears' Admr., 192 Ky. 64, 232 S. W. 60. We are, therefore, constrained to hold that the peremptory instruction should not have been given.

Judgment reversed and cause remanded for a new trial consistent with this opinion.